UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE MEDINA,<br>DENNY BAUTISTA,<br>WINDELSON MONTERO,<br>NELSON RODRIGUEZ,<br>LEURY MOJICA, and<br>ANGEL BENITEZ,<br><br>                    *Defendants*. | Amended Protective Order<br><br>S3 21 Cr. 377 (AKH) |

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

**Confidential Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal case. Certain of that discovery may include material that affects the privacy and confidentiality of individuals. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Subject to Protective Order" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Subject to Protective Order," shall be deemed "Confidential Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Confidential Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any

Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

    2. Confidential Material may be disclosed by counsel to:

        (a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

        (b) Prospective witnesses for purposes of defending this action;

        (c) The defendant; and

        (d) Such other persons as hereafter may be authorized by the Court.

    3. The Government may authorize, in writing, disclosure of Confidential Material beyond that otherwise permitted by this Order without further Order of this Court.

    4. This Order does not prevent the disclosure of any Confidential Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

    5. Except for Confidential Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential Material, including the seized ESI Confidential Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever

date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct.

6. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Confidential Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Confidential Material has been disclosed to which such persons.

7. In the event of any dispute as to the Government's designation of particular disclosure material as Confidential Material, the parties shall meet and confer, without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. If the defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of this Court. The Government shall bear the burden of establishing good cause for its designation of the disputed materials. Absent a contrary order of this Court, the Government's designation of disclosure material as Confidential Material shall be controlling.

8. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

9. Emma M. Greenwood, the Court-appointed Coordinating Discovery Attorney (CDA), may disclose, make copies of, or reveal the contents of Confidential materials to defense counsel and to her employees who are assisting in the preparation and dissemination of such materials, and to third party vendors she may deem necessary to retain to process the discovery she receives, all in furtherance of fulfilling her duties and obligations under this Court's January 18, 2022 Order

appointing Ms. Greenwood as CDA. Ms. Greenwood shall serve this Protective Order upon any such attorney, employee, or vendor, instructing them that they are bound by its terms, and she shall instruct such other persons that further disclosure is prohibited.

## Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____        Date: ___2/18/2022_____
Matthew Weinberg
Assistant United States Attorney

| | |
|---|---|
| _____/s/_____ <br> Emma M. Greenwood <br> Coordinating Discovery Attorney | Date: \_\_\_\_2/18/2022_____ |
| _____/s/_____ <br> Anthony Strazza <br> Counsel for Jose Medina | Date: \_\_\_\_\_2/22/2022_____ |
| _____/s/_____ <br> Meredith S. Heller <br> Counsel for Denny Bautista | Date: \_\_\_\_\_2/24/2022_____ |
| _____/s/_____ <br> Clay Kaminsky <br> Counsel for Windelson Montero | Date: \_\_\_\_\_2/18/2022_____ |
| _____/s/_____ <br> Harvey Fishbein <br> Counsel for Nelson Rodriguez | Date: \_\_\_\_\_2/18/2022_____ |
| _____/s/_____ <br> Angus James Bell <br> Counsel for Angel Benitez | Date: \_\_\_\_\_2/24/2022_____ |
| _____/s/_____ <br> Thomas Dunn <br> Counsel for Leury Mojica | Date: \_\_\_\_\_2/26/2022_____ |

SO ORDERED:

Dated: New York, New York
       March 9, 2022

/s/ Alvin K. Hellerstein
THE HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE